NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENT GLEN WILLIAMS, | No. 22-36014 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00143-DCN |
| v. | |
| LANDON FOX, Guard; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted May 14, 2025**
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN,*** District Judge.

Plaintiff-Appellant Kent Williams appeals the judgment, following a four-

day jury trial, dismissing his claims under 42 U.S.C. § 1983 based on alleged

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

violations of his First Amendment right to petition. Mr. Williams also appeals the district court's denial of costs following his successful appeal in March 2021 that reversed the district court's grant of summary judgment in favor of Defendant-Appellee Landon Fox. *See Williams v. Fox*, 840 Fed. App'x. 226 (9th Cir. 2021) (mem.) (Case No. 19-35281). The parties are familiar with the extensive history and facts of this case, and we summarize them only as necessary herein.

At the relevant time in January 2016, Mr. Williams was a pretrial detainee in custody at Ada County Jail in Idaho. During his nine months there, Mr. Williams submitted approximately 130 prison grievances. To submit a grievance, an inmate had to fill out a form and place it outside the cell for pickup with the mail. Prison policy gave guards the discretion to decide whether to accept and process grievances with offensive language, which depended on the individual guard's "subjective opinion of propriety."

Mr. Williams's First Amendment claims arise from two grievances he tried to submit to Mr. Fox on January 11, 2016. The actual written grievances were not available as evidence at trial. Neither Mr. Williams nor Mr. Fox testified to the specific content of the grievances. Mr. Fox testified that he refused to accept the two grievances both because of the language Mr. Williams used and because "they were not grieving any issue at all," but instead just called other deputies derogatory names.

The jury returned its special verdict on November 17, 2022, finding in relevant part that (1) Fox refused to accept Grievances 1 and 2; (2) the language in the grievances was a substantial motivating factor for Fox's refusal to accept them; and (3) "without regard to the language" used in the January 11 grievances, Williams did not present "a legitimate issue [or seek] a legitimate resolution of that issue" in either grievance.

On November 28, 2022, the district court entered judgment against Mr. Williams on the "primary" ground that the jury concluded that the two grievances did not present legitimate issues and were therefore not protected by the First Amendment. The district court then added two "alternative" grounds for dismissal. The court ruled *sua sponte* that Mr. Williams failed to state a claim upon which relief could be granted because, in the district court's view, no "direct" right to petition claim exists independent of a retaliation claim under the First Amendment. It further held that Mr. Fox was entitled to qualified immunity because it was not "clearly established in 2016—such that a reasonable low-level jail employee would have notice" that screening out a jail grievance as frivolous or "an abuse of the jail grievance process" would violate the First Amendment right to petition. It also concluded that "policy-based" qualified immunity applied because Mr. Fox was following a jail policy that the district court also found "appeared to violate clearly established law (prohibiting disrespectful language in grievances)."

We have jurisdiction pursuant to 28 U.S.C. § 1291. As explained below, we affirm the judgment in part, vacate it in part, and reverse and remand as to the denial of costs for Mr. Williams's prior successful appeal.

1.      We will uphold a jury's verdict "if it is supported by substantial evidence . . . even if it is also possible to draw a contrary conclusion from the same evidence." *Dees v. Cnty. of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020) (citation omitted). Substantial evidence supports the jury's verdict that Mr. Williams's two January 11, 2016, grievances did not present "a legitimate issue [or seek] a legitimate resolution of that issue" regardless of the language used. At trial, the jury heard Mr. Fox testify that neither grievance "grieved an actual issue." Mr. Williams did not testify regarding the content of either grievance and did not rebut Mr. Fox's testimony that there was nothing "grievable" in them. The jury also saw several of Mr. Williams's other grievances and could reasonably conclude that his two January 2016 grievances did not present any "legitimate" issue.

The First Amendment protects only nonfrivolous grievances. *See Lewis v. Casey*, 518 U.S. 343, 352–53 & n.3 (1996); *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). Based on the jury's verdict, Mr. Williams's grievances were not protected, and his claims fail on their merits.[1] We therefore AFFIRM the

---

[1]      We need not separately evaluate the jury's findings on Mr. Williams's retaliation claims because the lack of protected conduct is dispositive.

4

judgment on that basis.

2.    Mr. Williams makes numerous arguments about various evidentiary, instructional, and trial-management related rulings below that he claims invalidate the jury's verdict. We review such rulings "for abuse of discretion and reverse only if a ruling is erroneous *and* prejudicial." *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1127 (9th Cir. 2020) (citation and internal quotations omitted); *see also Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 949 (9th Cir. 2009). We review "de novo whether [a jury] instruction states the law correctly," while we review the "district court's formulation of civil jury instructions for abuse of discretion." *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (citations omitted).

Contrary to Mr. Williams's arguments, the district court did not abuse its discretion in most of its evidentiary rulings, or in formulating the jury instructions or the special verdict questions. The instructions accurately stated the law and were based on the evidence, and nothing indicates the jury was misled.

We do find, however, that the district court erred in overruling Mr. Williams's work product privilege objection to the admission of a letter he wrote to a friend on January 10, 2016. The district court failed to apply the correct standards for what constitutes work product and for what qualifies as an intentional disclosure that waives the privilege. *See In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004); Fed. R. Evid. 502. Nonetheless, the error was harmless

5

because the letter did not include substantive information that the jury did not see from other properly admitted evidence. On this record, we cannot say that the error materially affected the verdict. *Boyd*, 576 F.3d at 949.

3. We VACATE the judgment to the extent it rests on the district court's alternative rulings for entering judgment against Mr. Williams. The alternative rulings were unnecessary given the jury's verdict and rested on questionable legal analysis. But we need not otherwise address these issues because our decision to affirm the judgment based on the special jury verdict is sufficient to resolve this case.

4. Last, the district court erred in denying costs to Mr. Williams for his prior successful appeal on the sole ground that he filed the request in the district court rather than in the court of appeals. The parties agree that the district court misread the Federal Rules of Appellate Procedure, which expressly make appellate filing fees "taxable in the district court." Fed. R. App. P. 39(e). There is no dispute that Mr. Williams was the prevailing party. *See Williams*, 840 Fed. App'x. at 227 (Case No. 19-35281). But it is not clear from the record how much of the costs from the prior appeal Mr. Williams has actually paid. We therefore REVERSE the district court's denial of costs and REMAND with instructions for the district court to determine the amount Mr. Williams has actually paid to date for his prior successful appeal, and to issue an order awarding costs in that amount

6

and foregoing collection of any remaining balance.  *See* Fed. R. App. P. 3(e).

In this appeal, the parties shall bear their own costs.

**AFFIRMED IN PART, VACATED IN PART, and REVERSED AND REMANDED WITH INSTRUCTIONS.**